**UNITED STATES of America**

**v.**

**Donald ROTH and David St. John**

**No. 02 CR. 1503(SCR).**

United States District Court,
S.D. New York.

Jan. 22, 2004.

David L. Lewis, Lewis & Fiore, New York, NY, William Aronwald, Briccetti, Calhoun & Lawrence LLP, White Plains, NY, for Defendants.

Glenn Charles Colton, New York, NY, for Plaintiff.

## MEMORANDUM DECISION AND ORDER

ROBINSON, District Judge.

### I. *INTRODUCTION:*

On October 7, 2003 Donald Roth and David St. John (the "Defendants"), through their counsel issued a subpoena to Judge Stewart Rosenwasser directing that he appear on November 17, 2003 and requesting that he bring the entire file concerning the case of *The People of the State of New York v. Antonio Bryant* (Indictment # 467–01) including, but not limited to, certain enumerated items. (See Defendants' October 7, 2003 Subpoena). The New York State Attorney General's Office, on behalf of Judge Rosenwasser, moved to quash that subpoena. On November 6,

2003, Judge Colleen McMahon granted that motion to quash, finding that the Defendants' "broad-brush request" was clearly improper. The Defendants asked Judge McMahon to reconsider her ruling in a November 7, 2003 letter, which letter was supplemented by letters dated November 10, 13 and 18, 2003. During a November 25, 2003 pretrial conference, this Court[1] reserved judgment on the issue pending the testimony of Orange County Assistant District Attorney David Byrne ("ADA Byrne"). Following that decision, the New York State Attorney General's Office again moved to quash the subpoena pursuant to a letter brief dated December 5, 2003. ADA Byrne testified during the Defendants' trial on January 7–9, 2004. An oral argument on the renewed motion to quash the subpoena was held on January 20, 2004.

### II. *ANALYSIS:*

#### A. Judicial Testimony:

Both the Federal Rules of Evidence and the Code of Judicial Conduct proscribe judicial testimony in certain situations. Federal Rule of Evidence 605, "Competency of Judge as Witness", provides that "[t]he judge presiding at the trial may not testify in that trial as a witness. No objection need be made in order to preserve the point." (emphasis added). Additionally, Canon 2 of the Code of Judicial Conduct provides, in relevant part, that: "[a] judge...should not lend the prestige of his office to advance the private interests of others[.] He should not testify voluntarily as a character witness." The accompanying commentary to Canon 2 states that "the testimony of a judge as a character witness injects the prestige of his office

---

**1.** It should be noted that this case was transferred from Judge McMahon to this Court on or about November 25, 2003.

into the proceeding in which he testifies and may be misunderstood to be an official testimonial." Clearly, the facts of the case at bar present a slightly different context than that contemplated by either Rule 605 or Canon 2; however, Rule 605 and Canon 2 are significant in that they reflect a presumption against judicial testimony, which presumption warrants heightened scrutiny when a party seeks to require a judge to testify.

■ While there are situations, such as those described above, where judicial testimony is absolutely prohibited, this Court does not agree with the New York State Attorney General's Office that all judicial testimony is "absolutely privileged." (New York State Attorney General's Office's Letter, Page 3). Although the Second Circuit has not ruled on this issue conclusively, the overwhelming authority from the federal courts in this country, including the United States Supreme Court, makes it clear that a judge may not be compelled to testify concerning the mental processes used in formulating official judgments or the reasons that motivated him in the performance of his official duties. *See e.g. United States v. Morgan,* 313 U.S. 409, 422, 61 S.Ct. 999, 85 L.Ed. 1429 (1941); *Fayerweather v. Ritch,* 195 U.S. 276, 306–07, 25 S.Ct. 58, 49 L.Ed. 193 (1904); *Grant v. Shalala,* 989 F.2d 1332, 1344–45 (3d Cir.1993); *Robinson v. Commissioner of Internal Revenue,* 70 F.3d 34, 38 (5th Cir. 1995). "Judges are under no obligation to divulge the reasons that motivated them in their official acts; the mental processes employed in formulating the decision may not be probed." *United States v. Cross,* 516 F.Supp. 700, 707 (M.D.Ga.1981), *aff'd,* 742 F.2d 1279 (11th Cir.1984). In *Morgan,* the Supreme Court stated that allowing an examination of a judge's mental processes would be "destructive of judicial responsibility" and such scrutiny cannot be permit-

ted. *Morgan,* 313 U.S. at 422, 61 S.Ct. 999.

The only Second Circuit decision that is cited by the parties, which remotely addresses the issue of judicial testimony, is *United States v. Ianniello,* 866 F.2d 540 (2d Cir.1989). In *Ianniello,* the Court addressed allegations of judicial misconduct and warned that requiring a judge to testify was a "serious matter." *Id.* at 544. While the *Ianniello* Court did not specifically address the mental processes of a judge, it did find that the mental processes of jurors, as the decision makers in that case, were not subject to inquiry. *Id.* In *Ianniello,* the Second Circuit gave absolute protection to jurors' decision making processes and this Court believes that a judge's decision making process, particularly when he is cast in the role of trier of fact, is entitled to equal, if not greater, deference and protection.

■ Although the Defendants' letter briefs from November 7, 10, 13, 18 all contend that the Defendants are not "seeking [Judge Rosenwasser's] mental process" (*See e.g.* November 7, 2003 letter, Page 1), but only "what, if any, representations were made by the prosecutor concerning . . . the decision to offer a reduced plea" (*id.*), the Defendants have since changed that position through oral representations made on the record to this Court. Based on the most recent position taken by the Defendants, they are seeking to examine Judge Rosenwasser, not just as a fact witness, but regarding his mental processes in accepting Antonio Bryant's guilty plea. Specifically, the Defendants want to explore why Antonio Bryant "was permitted" to plead guilty to manslaughter, rather than second-degree murder, and sentenced to five-years by Judge Rosenwasser. This Court finds that Judge Rosenwasser's mental processes may not be probed and

the Defendants' subpoena is denied with respect to such examination.

Having determined that the Defendants may not examine Judge Rosenwasser regarding his mental processes, this Court must also address whether the Defendants may require him to testify as a fact witness.

■ As set forth above, Judge Rosenwasser may not be compelled to testify regarding his mental processes; however, there are limited circumstances where a judge's factual testimony is so essential that the general prohibition against judicial testimony may be compromised. The Seventh Circuit has developed an analysis to be applied when determining whether such "limited circumstances" exist. In *United States v. Frankenthal*, 582 F.2d 1102 (7th Cir.1978), the Seventh Circuit allowed the introduction of judicial testimony because the judge "possessed factual knowledge that was highly pertinent to the jury's task, and he was the only possible source of testimony on that knowledge." *Id.* at 1108. However, in reaching its decision, the *Frankenthal* Court cautioned that "calling a judge to give testimony in any proceeding is a very delicate matter." *Id.* at 1107. In fact, the judge's testimony was only permitted because the judge was only required to give ***"brief, strictly factual testimony."*** *Id.* at 1108 (emphasis added).

■ This Court recognizes that *Frankenthal* is a Seventh Circuit decision; however, the logic of *Frankenthal* is persuasive and in the absence of any controlling Second Circuit precedent, this Court chooses to adopt that court's reasoning. Accordingly, this Court finds that a judge may only be required to testify if he (1) possesses factual knowledge, (2) that knowledge is highly pertinent to the jury's task, and (3) is the only possible source of

testimony on the relevant factual information.

■ In order for judicial testimony to be required, the testimony must relate to the judge's factual knowledge—not his mental processes. With respect to the case at bar, there is no question that Judge Rosenwasser has factual knowledge regarding the Antonio Bryant case; however, the two questions that must be resolved are (a) whether that knowledge is highly pertinent to the jury's task in this case and (b) whether Judge Rosenwasser is the only possible source of testimony on that knowledge. This Court finds (1) that Judge Rosenwasser's testimony is not highly pertinent to the jury's task in this case and (2) that there are two other possible sources for the factual information that Judge Rosenwasser is being asked to testify about.

Judge Rosenwasser's testimony regarding his factual knowledge of the Antonio Bryant case is not highly pertinent to the resolution of the issues before the jury in this case. As a threshold matter, Judge Rosenwasser's knowledge only involves Rule 404(b) background information, not anything having to do with the charged conduct. Specifically, Paragraph 8 of the "Background" portion of the indictment provides, in relevant part, that: "As a result of the false statements provided to the Orange County District Attorney's Office, Antonio Bryant was permitted to plead guilty to a charge of manslaughter carrying a five-year prison sentence." The Defendants contend that they should be allowed to call Judge Rosenwasser as a witness because the "was permitted" language in the background to the conspiracy section of the indictment could be read to refer to both the Orange County District Attorney's Office and Judge Rosenwasser. If this sentence had not been included in the indictment there is no question that the Defendant would not be allowed to

subpoena Judge Rosenwasser. However, because the indictment was inartfully drawn, this Court must review the context of this sentence of the indictment. It should be noted that the Defendants have repeatedly asked this Court to instruct the jury that Rule 404(b) evidence may not be considered as a substitute for proof that the Defendants have committed the crimes charged. The fact that the subject testimony involves Rule 404(b) information is not conclusive with respect to its relevance, but this fact does make the information less pertinent than if the testimony involved the conduct charged in the indictment.

Additionally, as set forth in greater detail above, Judge Rosenwasser cannot be examined regarding his mental processes. Therefore, the Defendants may not examine Judge Rosenwasser regarding why he elected to accept Antonio Bryant's guilty plea to manslaughter with a five-year sentence. Due to the fact that Judge Rosenwasser's mental processes are not subject to review, the only information Judge Rosenwasser could provide is factual and his recitation of the facts is not pertinent, never-mind "highly pertinent" to the Orange County District Attorney's decision to offer the plea to Antonio Bryant. More particularly, Judge Rosenwasser has no factual knowledge as to whether the allegedly false affidavits provided by Donald Roth were the "but for" cause of the reduced plea offer made to Antonio Bryant by the Orange County District Attorney's Office.[2] Accordingly, this Court finds that the testimony sought by the Defendants is not highly pertinent to the jury's decision and the second prong of *Frankenthal* is not met.

Even if this Court were to find that Judge Rosenwasser's factual knowledge was "highly pertinent", which it does not, the testimony still would be prohibited because the third prong of the *Frankenthal* analysis is not satisfied. The third prong of the *Frankenthal* analysis is a determination of whether the testimony that is being sought is available from another source. With respect to the Antonio Bryant plea negotiation and agreement, there were three participants; ADA Byrne, Donald Roth and Judge Rosenwasser.[3] ADA Byrne has already testified in this matter, giving his version of the facts and circumstances surrounding Antonio Bryant's plea. As of the date of this Memorandum Decision and Order, Donald Roth is on the witness stand, giving his version of the plea discussions and outcome. Therefore, both the Government and the Defendants have had the opportunity to present witnesses to support their respective theories and testify regarding what was said and done leading up to and during the January 7, 2002 plea negotiation. The facts of the situation can be fully developed from ADA Byrne's and Donald

---

**2.** The Government as part of its case-in-chief called ADA Byrne to testify that Antonio Bryant was permitted to plead guilty to manslaughter, rather than second-degree murder, because of the affidavits provided by Mr. Roth. During cross examination, Lawrence Hochheiser, Esq., Mr. Roth's attorney, asked ADA Byrne: "And is it your position, sir, that as a result of seeing those affidavits, Mr. Bryant was permitted to plead guilty to manslaughter with a negotiated sentence of five years?" To which ADA Byrne responded "Yes[.]" (1/8/04 Testimony, Page 2290, Line 5–8). Additionally, Mr. Hochheiser asked

ADA Byrne: "Absent these affidavits, are you saying that you would not have authorized the plea to manslaughter?" ADA Byrne answered, "That is what happened. It would not have been authorized without the affidavits because it was never authorized before I received the affidavits." (Id. at Page 2290–91, Lines 24–25 and 1–3, respectively).

**3.** This Court recognizes that Antonio Bryant was also present at some points of the negotiation, but it is unclear the extent and timing of such involvement.

Roth's testimony.[4] Judge Rosenwasser's testimony is not essential because he is not the only possible source of this factual knowledge. Therefore, the only "knowledge" in connection with this case that is possessed by Judge Rosenwasser, which is not available through other sources, is his mental process. A judge's mental process may not be scrutinized by requiring the judge to testify. This Court finds that all of the essential facts are available from sources other than Judge Rosenwasser. Accordingly, neither the second nor the third prong of the *Frankenthal* analysis has been satisfied and Judge Rosenwasser should not be required to testify to his factual knowledge of the Antonio Bryant matter.

### B. SIXTH AMENDMENT:

■ The Defendants argue that the subpoena must not be quashed because their Sixth Amendment right to present a defense trumps Judge Rosenwasser's judicial privilege and he should be required to testify at trial. A defendant's right to call witnesses in order to present a meaningful defense at a criminal trial is a fundamental constitutional right secured by both the Compulsory Process Clause of the Sixth Amendment[5] and the Due Process Clause of the Fourteenth Amendment. *See e.g. Taylor v. Illinois*, 484 U.S. 400, 408–09, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988). However, the defendant's right to call witnesses is not unlimited. The defendant "must comply with established rules of procedure and evidence designed to assure both fairness and reliability." *Washington v. Schriver*, 255 F.3d 45, 56 (2d Cir.2001). An accused does not have the "unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence." *Taylor*, 484 U.S. at 410, 108 S.Ct. 646.

As set forth above, this Court finds that the probing of a judge's mental process is prohibited. Additionally, while a judge may be required to testify regarding factual knowledge in limited circumstances, those circumstances do not exist in this case. Therefore, the testimony that the Defendants seek from Judge Rosenwasser is both privileged and inadmissible and falls under the exception to the Compulsory Process Clause set forth by the Supreme Court in *Taylor*.

### III. *CONCLUSION:*

For all of the foregoing reasons, this Court finds that Judge Rosenwasser should not be required to testify at this trial. Accordingly, the New York State Attorney General's Office's motion to quash the Defendants' subpoena of Judge Rosenwasser is granted.

It is so ordered.

---

4. As stated above, Donald Roth elected to testify in this matter. If Mr. Roth had exercised his Fifth Amendment privilege and chosen not to testify in this matter this Court's inquiry would have been different and there is a greater question as to whether or not this prong of *Frankenthal* would be satisfied; however Mr. Roth has taken the stand and this Court need not decide this question as the issue is moot.

5. The Sixth Amendment to the Constitution, Rights of the Accused, provides that: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; *to have compulsory process for obtaining witnesses in his favor,* and to have the Assistance of Counsel for his defense." U.S.C.S. Const. Amend. 6 (2003) (emphasis added).