[ uspc spy 
UNITED STATES DISTRICT COURT □□□ 
SOUTHERN DISTRICT OF NEW YORK ELECTRONICALLY FILED 
 DOC #: 
Gregory Sheindlin, 
 Plaintiff, 1:21-cv-01124 (UL) (SDA) 
 ~against- OPINION AND ORDER 
James Brady, 
 Defendant. 

STEWART D. AARON, United States Magistrate Judge: 
 This is a defamation case brought by Plaintiff Gregory Sheindlin (“Plaintiff’ or 
“Sheindlin’), a New York attorney, against Defendant James Brady (“Defendant” or “Brady”), 
arising out of statements Brady made about Sheindlin in the aftermath of a New York state 
court action in which Sheindlin successfully represented one of Brady’s adversaries in collecting 
a $1.7 million judgment against Brady (the “Enforcement Proceeding”). (See Compl., ECF No. 1.) 
Defendant recently effected the issuance of approximately 20 subpoenas in this action, 
targeting seven current or former New York State judges; three federal judges; three elected 
officials; two of Defendant’s former attorneys; two real estate developers; one New York Post 
reporter; one of Defendant’s former adversaries in one of the lawsuits underlying the 
Enforcement Proceeding; and that former adversary’s counsel in that litigation. (See generally 
Def.’s 5/13/21 Ltr., ECF No. 67; Def.’s 5/20/21 Ltr., ECF No. 71.) 
 The Court has before it (1) a letter motion to quash filed by the New York State Office of 
Court Administration (“OCA”) on behalf of the New York State Court judges (OCA Ltr. Mot., ECF 
No. 65); (2) a letter motion to quash filed by the New York County District Attorney’s Office 

(“DANY”) on behalf of District Attorney Cyrus R. Vance, Jr. (“DA Vance”) (DANY Ltr. Mot., ECF 
No. 68); (3) two letters from Plaintiff generally opposing the subpoenas (Pl.’s 4/28/21 Ltr., ECF 
No. 53; Pl.’s 5/21/21 Ltr., ECF No. 74); (4) two letters from Defendant setting forth the 

purported justification for the subpoenas, which the Court construes as letter oppositions to 
the motions to quash (Def.’s 5/13/21 Ltr.; Def.’s 5/20/21 Ltr.), and another letter from 
Defendant discussing purported admissions made by Plaintiff at deposition (Def.’s 5/24/21 Ltr., 
ECF No. 75); and (5) a May 11, 2021 Order from District Judge Liman stating that his chambers 
had received a call and an email “from a retired justice of New York State Supreme Court 

informing the Court that she has been served with a subpoena in this case and asserting that it 
is improper” and ordering “that Defendant shall not serve any further subpoenas pending 
further order of the Court or take any action to enforce any subpoenas already served pending 
further order of the Court” and that “[c]ompliance with any subpoenas served by Defendant is 
stayed pending further order of the Court.” (5/11/21 Order, ECF No. 60.) On May 17, 2021, 
Judge Liman referred this case to me for general pretrial purposes. (Order of Ref., ECF No. 70.) 

After careful review of the record, for the reasons discussed below, the Court hereby 
GRANTS both letter motions (ECF Nos. 65 & 68) and quashes the subpoenas issued against the 
current or former New York state judges and DA Vance. The Court further quashes, sua sponte, 
the subpoenas issued against United States District Judges Paul Engelmayer and Lewis Liman, 
United States Magistrate Judge Ona Wang, New York Governor Andrew Cuomo, New York 
Attorney General (“NYAG”) Letitia James and New York Post reporter Kathianne Boniello. The 

Court lifts the stay against enforcement of and compliance with the remaining subpoenas, and 
will resolve disputes regarding those subpoenas as and when they are brought before the 
Court. The Court leaves in place the stay against service of further subpoenas pending further 
Order of the Court; Defendant shall obtain leave of Court before issuing any other subpoenas. 
 RELEVANCE OF DISCOVERY SOUGHT AND SUBSTANTIVE LEGAL STANDARDS 

Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding 
any nonprivileged matter that is relevant to any party’s claim or defense and proportional to 
the needs of the case.” Fed. R. Civ. P. 26(b)(1). “The party seeking discovery bears the initial 
burden of proving the discovery is relevant.” In re Subpoena to Loeb & Loeb LLP, No. 19-MC-
00241 (PAE), 2019 WL 2428704, at *4 (S.D.N.Y. June 11, 2019) (citation omitted). 

Federal Rule of Civil Procedure 45(a) permits a party to request and serve on a non-
party a subpoena seeking production of documents, and Rule 45(d) permits a non-party served 
with a subpoena to move to have the subpoena quashed. See Fed. R. Civ. P. 45(a), (d)(3). 
“Motions to quash under Rule 45 are entrusted to the sound discretion of the district court.” 
Universitas Educ., LLC v. Nova Grp., Inc., No. 11-CV-01590 (LTS) (HBP), 2013 WL 57892, at *2 
(S.D.N.Y. Jan. 4, 2013) (citations and internal quotation marks omitted). 

“The relevance standards set out in Federal Rule of Civil Procedure 26(b)(1) apply to 
discovery sought from non-parties.” Loeb, 2019 WL 2428704, at *4; see also 9A Charles Alan 
Wright & Arthur R. Miller, Federal Practice and Procedure § 2459 at n.12 (3d ed. 2020) 
(collecting cases). “On a motion to quash, the party issuing the subpoena must demonstrate 
that the information sought is relevant and material to the allegations and claims at issue in the 
proceedings.” Loeb, 2019 WL 2428704, at *4 (internal quotation marks, brackets and citation 

omitted). “A subpoena that pursues material with little apparent or likely relevance . . . is likely 
to be quashed as unreasonable even where the burden of compliance would not be onerous.” 
Id. (citation omitted). 
To prevail in a defamation claim under New York law, a plaintiff must show: “(1) a false 

statement about the plaintiff; (2) published to a third party without authorization or privilege; 
(3) through fault amounting to at least negligence on [the] part of the publisher; (4) that either
constitutes defamation per se or caused special damages.” Evliyaoglu Tekstil A.S. v. Turko 
Textile LLC, No. 19-CV-10769 (LJL), 2020 WL 7774377, at *3 (S.D.N.Y. Dec. 30, 2020) (citation 
omitted). Because falsity is a necessary element, it is “fundamental that truth is an absolute, 
unqualified defense to a civil defamation action” under New York law. Guccione v. Hustler 

Magazine, Inc., 800 F.2d 298, 301 (2d Cir. 1986). 
Here, the gravamen of Plaintiff’s defamation claims is that Defendant falsely has stated 
that Plaintiff “stole $1.7 million dollars from him.” (Complaint ¶ 63; see also id. ¶¶ 69(g), 69(h), 
74, 84.) Defendant invokes the defense of truth. (See Pl.’s 5/20/21 Ltr. at 2.) As relevant to this 
litigation, the gravamen of Defendant’s position is that it is in fact true that Plaintiff “stole” his 

money, because Plaintiff effected the transfer of Defendant’s money by fraudulently 
misrepresenting the July 2015 jury verdict in a state court lawsuit captioned IGS Realty v. Brady, 
Index No. 603561/2009 (N.Y. Sup. Ct. filed Dec. 2, 2009) (“IGS Realty I”), a case presided over by 
Justice Barry Ostrager. (See, e.g., Pl.’s 5/20/21 Ltr. at 2, 4; see also Def.’s Am. OSC Opp. Ex. 2, 
ECF No. 14-2 (a copy of the “Jury Interrogatory Sheet” at issue).) 
Thus, here, the scope of discovery as to Defendant’s truth defense extends to 

nonprivileged material relevant to whether Plaintiff fraudulently misrepresented the 2015 jury 
verdict in IGS Realty I. 
 DISCUSSION 
Below, the Court discusses in turn the subpoenas Plaintiff has requested vis-à-vis 
different categories of third parties. 

I. The Subpoenas To The State Court Judges Are Quashed 
There is no valid basis for Defendant’s subpoenas to the New York state court judges. “A
judge may only be required to testify if he [or she] (1) possesses factual knowledge, (2) that 
knowledge is highly pertinent to the jury’s task, and (3) he [or she] is the only possible source of 
testimony on the relevant factual information." U.S. v. Roth, 332 F. Supp. 2d 565, 568 (S.D.N.Y 
2008), aff’d sub nom., U.S. v. St. John, 267 F. App’x 17 (2d Cir. 2008). In the present case, the 

IGS Realty I jury resolved the factual questions before it and rendered its verdict by responding 
to Jury Interrogatories. There is no factual knowledge the state court judges could possibly 
possess that would be relevant to this Court’s interpretation of the IGS Realty I jury’s verdict.1 
In any event, Defendant certainly has not identified any such knowledge—let alone knowledge 
about which any of these judges is the only possible source of testimony. 

1 Moreover, only one of the state court judges likely has any first-hand knowledge about the IGS Realty I 
jury verdict, as only Justice Ostrager presided over that trial. Defendant’s allegations regarding some of 
the state court judges appear to relate to different lawsuits, which have no bearing upon the 
defamation action at bar. (See, e.g., Def.’s 5/20/21 Ltr. at 3 (asserting that New York Chief Judge DiFiore 
“must still admit that Defendant never lost the air rights litigation” and that Judge Samuels “said to 
[him] before a trial that she was going to make it that [he] could only lose in a case against a law firm 
named Wager Davis”); id. at 6 (contending that a “February 11, 2010 Decision governs over the lower 
[Justice] Shirley Kornreich[’s] July 15, 2014 Supreme Court Decision in the air rights case”).) See generally 
Brady v. Berman, No. 18-CV-08459 (VEC) (BCM), 2019 WL 4546535, at *1-3 (S.D.N.Y. Aug. 2, 2019) 
(distinguishing between the “air rights litigation” and the “personal guarantee litigation,” the latter of 
which is the action at issue here). 
Thus, in an exercise of its discretion, the Court grants the letter motion at ECF No. 65, 
and the subpoenas issued against the current and former New York state judges are 
QUASHED.2 

II. The Subpoenas To The Federal Judges Are Quashed 
The same logic applies to the federal judges. Defendant seeks to justify his subpoenas to
United States District Court Judges Engelmayer and Liman and United States Magistrate Judge 
Wang on the basis that each of these jurists is “falsely (or erroneously) stating what a State 
Court Jury found.” (See Pl.’s 5/13/21 Ltr. at 1.) But whatever these jurists may have stated—in 

each instance, several years after the jury verdict in question—is their opinion based on legal 
analysis, not unique factual knowledge. Thus, in its discretion, the Court sua sponte ORDERS 
that these subpoenas are QUASHED.3 
III. The Subpoenas To The Elected Officials Are Quashed 
Courts only permit the deposition of a high ranking government official upon a showing
that: “(1) the deposition is necessary in order to obtain relevant information that cannot be 

obtained from any other source and (2) the deposition would not significantly interfere with the 
ability of the official to perform his governmental duties.” Marisol A. v. Giuliani, No. 95-CV-
10533 (RJW), 1998 WL 132810, at *2 (S.D.N.Y. Mar. 23, 1998). “[W]hen applying the first prong, 
2 The Court interprets the letter motion at ECF No. 65 as seeking to quash the subpoena served on 
retired New York state court Justice Kornreich (in addition to the subpoenas served on sitting New York 
state court jurists). In the alternative, for the same reasons provided above, the Court sua sponte 
ORDERS that the subpoena served on retired New York state court Justice Kornreich is QUASHED. 
3 The Court has the authority to sua sponte quash a subpoena. See Sanchez Y Martin, S.A. de C.V. v. Dos 
Amigos, Inc., No. 17-CV-01943 (LAB), 2018 WL 2387580, at *4 (S.D. Cal. May 24, 2018) (“Even assuming 
arguendo Defendant’s objections had been waived, because the subpoena seeks information not 
relevant to the claims or defenses in this case, the Court would still not require compliance with the 
subpoena.”); see also Fed. R. Civ. P. 26(b)(2)(C) (allowing a court to issue a protective order on its own 
initiative to limit discovery if it is outside scope permitted by Rule 26(b)(1)). 
courts only permit the deposition of a high ranking government official if he has unique 
personal knowledge that cannot be obtained elsewhere.” Id. at *3. 
Here, Defendant has not shown any unique personal knowledge held by any of the 

three elected officials he seeks to subpoena that is relevant to Plaintiff’s claims or Defendant’s 
defenses. About DA Vance and NYAG James, Defendant states: 
The Testimony of Cyrus Vance and Letitia James is needed because they have 
personal knowledge of the fact that for the sake of politically connected people 
former Judge Kornreich unlawfully rewrote the contract description of my 
commercial apartment to void [w]hat my contract said on its face. 
Cyrus Vance and Letitia James also are fully aware that there was never a jury 
finding that the personal guarantees were enforceable and they are witnesses to 
this fact that it is untrue that a jury found the personal guarantees we[r]e 
enforceable as is asserted only by [Judge Liman], Judge Engelmayer and 
Magistrate Wang[.] 
(Pl.’s 5/13/21 Ltr at 3.) 
The knowledge Defendant cites in the first of these two paragraphs is not relevant to 
the claims and defenses in this action. The action over which Justice Kornreich presided 
predated the action that generated the jury verdict at issue here.4 With regard to the second 
paragraph, while it is not clear to the Court what it means to be “witness[]” to a “fact” that 
something is “untrue,” Defendant has not identified any relevant, unique personal knowledge 
held by either of these individuals in connection with the jury verdict at issue—nor offered any 
plausible explanation of how they could have come to possess such knowledge.5 
4 See also Def.’s 5/20/21 Ltr. at 7 (arguing that DA Vance and NYAG James must answer certain 
questions concerning a 2014 decision of Justice Kornreich, which she entered in the so-called “air rights 
litigation,” as opposed to the “personal guarantee litigation” at issue here). 
5 Defendant’s May 20 letter further asserts in conclusory fashion that DA Vance and NYAG James “know 
that [Plaintiff] stole more than $1.7 million dollars from [Defendant].” (Def.’s 5/20/21 Ltr. at 2.) 
However, Defendant provides no basis for this assertion. 
About Governor Cuomo, Defendant says the following: 
The testimony of Andrew Cuomo is needed because it is undisputed by [Justice] 
Ostrager and [Justice] Marin that it was Andrew Cuomo who had these two 
judges take over my years old cases to perform retaliatory acts against me for 
relentlessly fighting to expose the RICO Manor [sic] in which he controls the 
Courts and other institutions. 
(Def.’s 5/13/21 Ltr. at 4.) This unrelated grievance has no relevance to whether a particular jury 
verdict found X or found Y. 
Thus, in an exercise of its discretion, the letter motion at ECF No. 68 is GRANTED, and 
the subpoena to DA Vance is QUASHED; further, the Court sua sponte ORDERS that the 
subpoenas to Governor Cuomo and NYAG James are QUASHED. 
IV. The Subpoena To The New York Post Reporter Is Quashed 
About the subpoena issued against New York Post reporter Kathianne Boniello,
Defendant states: 
The testimony of New York Post reporter Kathianne Boniello is needed by 
Defendant in preparing his defamation counterclaim against Gregory Sheindlin. 
During his May 4, 2021 deposition Mr. Sheindlin and his attorney Mr. Sussman 
both claimed they never even communicated with Ms. Boniello which totally 
conflicts with what Ms Boniello wrote in her April 3, 2021 New York Post news 
story. 
(Def.’s 5/13/21 Ltr. at 4.) 
At present, Defendant has no defamation counterclaim in this action. Since Defendant 
has not demonstrated what information Ms. Boniello could possess that would be relevant to 
Plaintiff’s claim that Defendant defamed Plaintiff, or to Defendant’s defense that his 
statements about Plaintiff were true, the Court sua sponte ORDERS that the subpoena to Ms. 
Boniello is QUASHED. 
V. With Regard To The Remaining Subpoenas, The Stay Is LIfted 
On the present record, the Court declines to rule on the remaining subpoenas sua
sponte. Rather, the Court will lift the temporary stay that Judge Liman imposed against 

enforcement of and compliance with those subpoenas, and the Court will resolve disputes 
regarding those subpoenas as and when they are brought before the Court. 
 CONCLUSION 
By reason of the foregoing, it is hereby ORDERED, as follows: 
1) The letter motions to quash the subpoenas issued against the present and former

 New York State judges (ECF No. 65) and DA Vance (ECF No. 68) are GRANTED, and
 those subpoenas are QUASHED; 
2) The subpoenas issued against District Judges Engelmayer and Liman, Magistrate
 Judge Wang, Governor Cuomo, NYAG James and New York Post reporter Kathianne
 Boniello are QUASHED; 
3) The stay against enforcement of and compliance with Plaintiff’s remaining

 subpoenas is lifted, and the Court will resolve disputes regarding those subpoenas as
 and when they are brought before the Court; and 
4) The Court leaves in place the stay against service of further subpoenas pending
 further Order of the Court; Defendant shall obtain leave of Court before issuing any
 other subpoenas.6 

6 Pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure, in order to protect non-parties from 
annoyance, embarrassment, oppression or undue burden or expense, the Court enters this Protective 
Order requiring Defendant to first obtain leave of Court before issuing any further subpoenas. 
SO ORDERED. 
Dated: New York, New York 
 May 24, 2021 

 STEWART D. AARON 
 United States Magistrate Judge 

 10