# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20663

consolidated with 15-20636

United States Court of Appeals
Fifth Circuit

**FILED**

March 14, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

> Plaintiff - Appellee

v.

ABRAHAM MOSES FISCH, also known as Anthony Fisch,

> Defendant - Appellant

—————————

Appeals from the United States District Court
for the Southern District of Texas

—————————

Before SMITH, CLEMENT, and SOUTHWICK, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge.

Abraham Moses Fisch challenges the sufficiency of evidence supporting his convictions for conspiracy, obstruction of justice, money laundering, and tax evasion; the district court's jury instructions at trial; and pre- and post-trial orders issued by the district court. For the reasons set forth below, we AFFIRM as to all issues except the district court's denial of Fisch's ineffective assistance of counsel claims, which may be raised anew in a collateral proceeding.

No. 15-20663

I

Fisch was a criminal defense attorney. He and former FBI informant Lloyd Williams approached defendants who had criminal charges pending against them. Fisch and Williams told the defendants to pay them large sums of money as purported legal fees. They promised to use the money to pay off high-ranking federal government officials in return for the officials' getting the defendants' cases dismissed or resolved on more favorable terms. Fisch and Williams, of course, had no such government contacts that could be paid off to influence pending legal proceedings.

Once their scheme unraveled, Fisch and Williams were indicted for conspiracy, obstruction of justice, money laundering, tax evasion, and impeding administration of the IRS. Malkah Bertman, Fisch's wife, was indicted for conspiracy and obstruction of justice. Williams pleaded guilty but Fisch and Bertman proceeded to trial.

The indictment included a notice of criminal forfeiture, which identified "[r]eal property located at 9202 Wickford Dr., Houston, Texas 77024"—Fisch's home—as an asset traceable to criminal proceeds. The government recorded a lis pendens (notice of pending legal action) on the home. Fisch challenged the lis pendens and sought a hearing on the basis that he needed it lifted so he could use the equity in his home to pay for counsel of choice. The district court denied a hearing due to Fisch's failure to show that he lacked sufficient alternate, available funds to pay for counsel of choice.

The case proceeded to trial. The jury found Fisch guilty on eighteen counts (three counts had been dismissed) but not guilty on the count for impeding administration of the IRS. The jury acquitted Bertman.

At the government's request, the district court entered a forfeiture order in the amount of $1,150,000. The government then moved to amend the

No. 15-20663

forfeiture order to include Fisch's home as substitute property. The district court granted the motion.

On the day of sentencing, Fisch filed a "motion to determine the effectiveness of trial counsel," arguing that his trial counsel was ineffective in several respects. The district court orally ruled that trial counsel was not ineffective. Fisch was sentenced to 180 months in prison.

II

Fisch challenges the sufficiency of evidence supporting his convictions for conspiracy to obstruct justice, obstruction of justice, money laundering, and tax evasion. This court's review of a jury verdict is "highly deferential." *United States v. McNealy*, 625 F.3d 858, 870 (5th Cir. 2010). The court asks whether, "viewing the evidence and the inferences that may be drawn from it in the light most favorable to the verdict, a rational jury could have found the essential elements of the offenses beyond a reasonable doubt." *United States v. Clark*, 577 F.3d 273, 284 (5th Cir. 2009).

A.  Conspiracy to Obstruct Justice, 18 U.S.C. § 371

"To support a conspiracy conviction under [18 U.S.C.] § 371, the government must prove three elements: (1) an agreement between two or more people to pursue an unlawful objective; (2) the defendant's knowledge of the unlawful objective and voluntary agreement to join the conspiracy; and (3) an overt act by one or more of the conspirators in furtherance of the conspiracy's objective." *United States v. Porter*, 542 F.3d 1088, 1092 (5th Cir. 2008). "The government must prove the same degree of criminal intent as is necessary for proof of the underlying substantive offense." *United States v. Peterson*, 244 F.3d 385, 389 (5th Cir. 2001).

Fisch challenges whether the government proved that he knowingly and voluntarily entered into an agreement to obstruct justice. "Direct evidence of a conspiracy is unnecessary; each element may be inferred from circumstantial

3

evidence." *United States v. Casilla*, 20 F.3d 600, 603 (5th Cir. 1994). "An agreement may be inferred from concert of action, voluntary participation may be inferred from a collection of circumstances, and knowledge may be inferred from surrounding circumstances." *United States v. Stephens*, 571 F.3d 401, 404 (5th Cir. 2009).

Testimony established that Fisch and Williams met with potential clients together. At such meetings, they discussed the details of their scheme. For example, Elida Sanchez testified that Fisch and Williams told her that her husband, Edilberto Portillo, would get out of jail "very soon" through "friends that work in the CIA" if she paid $1.1 million. Similarly, Princewill Njoku testified that Fisch "guaranteed" his case would be dismissed if he and co-defendant Clifford Ubani paid $150,000. The evidence was sufficient to infer a knowing and voluntary agreement between Fisch and Williams to obstruct justice. *See Casilla*, 20 F.3d at 603 ("Presence and association with other members of a conspiracy, along with other evidence, may be relied upon to find a conspiracy.").

Fisch also questions the veracity of statements made by the government's witnesses. But the court is "bound to accept the [jury's] credibility choices that support th[e] verdict." *United States v. Espinoza*, 53 F.3d 1282, 1282 (5th Cir. 1995).

Viewed in the light most favorable to the verdict, the evidence was sufficient for the jury to find that Fisch conspired to obstruct justice.

B. Obstruction of Justice, 18 U.S.C. § 1503

"The elements of obstruction of justice [under 18 U.S.C. § 1503] are: (1) a judicial proceeding was pending; (2) the defendant knew of the judicial proceeding; and (3) the defendant acted corruptly with the specific intent to influence, obstruct, or impede that proceeding in its due administration of justice." *United States v. Sharpe*, 193 F.3d 852, 864 (5th Cir. 1999). Fisch

concedes that judicial proceedings were pending and that he knew of them. His attack is twofold: first, he argues that the government did not offer sufficient evidence of specific intent to influence, obstruct, or impede the proceedings; and second, he argues that 18 U.S.C. § 1515(c) operates as an affirmative defense to the obstruction charges.

### 1. *Specific Intent to Obstruct Justice*

A defendant's specific intent to obstruct justice "can be proven by showing the defendant's endeavors had the 'natural and probable effect of interfering with the due administration of justice.'" *United States v. Coppin*, 569 F. App'x 326, 337 (5th Cir. 2014) (quoting *United States v. Aguilar*, 515 U.S. 593, 599 (1995)). "[A]n *un* successful 'endeavor' to obstruct justice violates section 1503; justice need not actually have been obstructed." *United States v. Williams*, 874 F.2d 968, 981 (5th Cir. 1989).

Evidence showed that Fisch implored criminal defendants not to accept plea agreements in return for false promises to favorably influence the outcome of their cases. As an example, Edilberto Portillo testified that he rejected a plea offer to be sentenced to no more than 80 months in prison "[b]ased on what Mr. Fisch and Mr. Williams told" his wife. He further testified that he did little to prepare for trial "[b]ecause Mr. Abraham Fisch told me that trial is never going to take place." In addition, Ezinne Ubani testified that Fisch told her husband, Clifford Ubani, "not [to] take [a] plea" and "kept promising how he's going to dismiss the case and stuff like that." Fisch's false representations clearly had the probable effect of interfering with the administration of justice. *See United States v. Moree*, 897 F.2d 1329, 1333 (5th Cir. 1990) ("It is hard to imagine a more invidious obstruction of justice than an offer to bribe officials in control of the judicial system to fix the result of a trial.").

No. 15-20663

Viewed in the light most favorable to the verdict, the evidence was sufficient for the jury to find that Fisch obstructed justice.[1]

2. *18 U.S.C. § 1515(c)*

The federal obstruction of justice statute, 18 U.S.C. §§ 1501-1521, contains a "general provision" at Section 1515. It provides, "[T]his chapter does not prohibit or punish the providing of lawful, bona fide, legal representation services in connection with or anticipation of an official proceeding." 18 U.S.C. § 1515(c). Fisch argues that Section 1515(c) acts as an affirmative defense to an obstruction of justice charge and that the government must disprove its applicability, but did not do so here.

Fisch did not argue below that the government failed to meet its burden under Section 1515(c). We do not reach this new argument. *See N. Alamo Water Supply Corp. v. City of San Juan*, 90 F.3d 910, 916 (5th Cir. 1996) ("We will not consider an issue that a party fails to raise in the district court, absent extraordinary circumstances."); *see also United States v. Crawford*, 60 F. App'x 520, 532 (6th Cir. 2003) ("Because Crawford raises the § 1515(c) claim for the first time before this Court, the claim is waived.").

C. Failure to Timely File Income Tax Returns, 26 U.S.C. § 7203

Under 26 U.S.C. § 7203, the government had to demonstrate "proof of failure to file [federal income tax returns] and willfulness in doing so." *United States v. Buckley*, 586 F.2d 498, 504 (5th Cir. 1978). Willfulness "is simply the intentional violation of a known legal duty." *Id.* (internal quotation marks omitted). Fisch admitted that he intentionally violated a known duty to file. The evidence was sufficient on the income tax counts.

---

[1] Fisch argues that if the court reverses on the conspiracy to obstruct justice and obstruction of justice convictions, it too must reverse on the conspiracy to commit money laundering and money laundering convictions. Because the evidence was sufficient on the relevant counts, this argument fails.

No. 15-20663

III

Fisch challenges whether his Fifth Amendment rights were violated by the denial of a hearing regarding the lis pendens on his home. The district court afforded Fisch numerous opportunities to present evidence of his financial inability to pay for counsel of choice without an order lifting the lis pendens. Once Fisch did submit information, it was only "a very brief statement with no supporting documents." The district court found the submission "scant, conclusory, and insufficient" to show that Fisch lacked alternate, available assets. For example, Fisch continued to practice law but failed to state whether his law practice was continuing to generate income.

Fisch again submitted information to the district court, but this time some of it was illegible. The district court ordered Fisch to resubmit legible information. At this stage, Fisch "elected not to file anything further," choosing instead to stand by his position that "there is no threshold requirement" of demonstrating financial need. The district court rejected this argument but allowed Fisch yet another chance "to file the information, complete and legible," otherwise Fisch's failure would "end this issue." Fisch declined.[2]

This court has observed "broad agreement that due process requires the district court to hold a prompt hearing at which the property owner can contest [a] restraining order . . . at least when the restrained assets are needed to pay for an attorney to defend him on associated criminal charges." *United States v. Melrose E. Subdivision*, 357 F.3d 493, 499 (5th Cir. 2004) (citing *United States v. Jones*, 160 F.3d 641, 645 (10th Cir. 1998)). We have favorably cited *Jones*, which requires "[a]s a preliminary matter [that] a defendant . . . demonstrate to the court's satisfaction that she has no assets, other than those restrained,

---

[2] Instead, Fisch filed a notice of appeal, which he subsequently dismissed. In his motion to dismiss that appeal, Fisch stated that he "d[id] not intend to pursue the appeal to conclusion."

No. 15-20663

with which to retain private counsel and provide for herself and her family." *Jones*, 160 F.3d at 647.

We have declined to "elaborate the precise details of the circumstances and showings necessary to trigger a due process hearing" when it was not necessary to do so. *Melrose*, 357 F.3d at 501 n.5. No such expounding is needed here when Fisch ultimately elected not to file any evidence that would demonstrate his financial need. Fisch chose not to "provid[e] any further documentation pursuant to the court's directive" and instead "object[ed] to any consideration of his financial status as a prerequisite to a . . . hearing." He did so at his own peril.[3] Even if the lis pendens were a restraint of property triggering due process protection—an issue we need not reach[4]—Fisch decided not to make any showing that "the restrained assets [we]re needed to pay for an attorney." *Id.* at 499.

Fisch has not made out a Fifth Amendment violation.

IV

Fisch argues that his Sixth Amendment rights were violated by the government's seeking a lis pendens on his home as an asset traceable to his criminal proceeds, which he claims the government never could prove. He asserts that the government's conduct limited his ability to pay for counsel of choice.

---

[3] In contesting whether any threshold evidentiary showing was required, Fisch cites a Supreme Court decision, *Kaley v. United States*, 134 S. Ct. 1090 (2014). But he relies on the dissenting opinion and oral argument transcript rather than the Court's majority opinion. As the district court noted, the Court in *Kaley* did not address what a threshold evidentiary showing entails.

[4] Fisch also briefly argues that the lis pendens was a seizure requiring probable cause under the Fourth Amendment. This argument was not raised below. We review an unpreserved claim only for plain error, and Fisch fails to argue, much less show, that the elements of plain error review are met.

No. 15-20663

As discussed above, Fisch's decision not to make an evidentiary showing of financial need meant that the district court was not required to hold a traceability hearing. And ultimately the government did not have to establish traceability because it instead asked the district court to order the home forfeitable as substitute property. Because Fisch did not properly raise his specific objection to the government's motion to forfeit the home as substitute property, *see infra* Part VII.B, we need not opine here on the propriety of the government's recording a lis pendens on Fisch's home for four years but ultimately forfeiting the home as substitute property.

Fisch further asserts that the government made suggestions in bad faith that two of his attorneys below had conflicts of interest so that they would be disqualified. Fisch does not actually appeal the district court's holding that attorney Norman Silverman had a conflict of interest requiring disqualification. And he admits it was attorney Mark Bennett that informed the district court, "I have learned that I have a potential conflict of interest." Fisch offers no legal support for why his Sixth Amendment rights were violated due to his chosen attorneys' conflicts of interest.

Fisch has not established a Sixth Amendment violation.

V

Fisch summarily argues that "the entire proceedings were infected by prosecutorial misconduct." He cites no specific constitutional right other than a vague reference to "due process and equal protection violations." Fisch's argument is not adequately briefed. *See United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010). At any rate, because Fisch "did not preserve error by objecting to these instances of alleged prosecutorial misconduct at trial," the court "review[s] these claims only for plain error." *United States v. Tomblin*, 46 F.3d 1369, 1386 (5th Cir. 1995). Fisch has not made the requisite showing.

9

No. 15-20663

VI

Fisch raises two challenges to the district court's jury instructions.

A.  Failure to Instruct Jury on 18 U.S.C. § 1515(c)

Fisch challenges the district court's failure to instruct the jury that the government had the burden to prove beyond a reasonable doubt that Fisch's conduct was not lawful, bona fide legal representation under 18 U.S.C. § 1515(c). This issue was not raised before the district court, so this court reviews only for plain error. Fisch's perfunctory argument does not include any factual support to satisfy a plain error showing. Moreover, the district court's jury instructions on obstruction of justice, which tracked Fifth Circuit Pattern Jury Instruction (Criminal Cases) 2.63A, provided the essence of Fisch's requested charge. *See United States v. St. John*, 267 F. App'x 17, 22 (2d Cir. 2008) (rejecting similar argument under plain error review because jury instruction on specific intent to obstruct justice "exclude[d] the possibility of bona fide legal advice constituting criminal behavior").

B.  Deliberate Ignorance

Fisch next argues that the district court abused its discretion in instructing the jury on deliberate ignorance. The government asked the district court to include a deliberate ignorance instruction on the obstruction of justice counts that modeled Fifth Circuit Pattern Jury Instruction (Criminal Cases) 1.37A. Fisch objected. On appeal, Fisch argues that there was insufficient evidence to warrant the instruction. This court reviews for abuse of discretion. *United States v. Fuchs*, 467 F.3d 889, 901-02 (5th Cir. 2006).

A deliberate ignorance instruction provides that the jury may find that a defendant knew of a fact if he deliberately shielded himself from that fact. The instruction must have a proper evidentiary basis, which is present "if the record supports inferences that (1) the defendant was subjectively aware of a high probability of the existence of illegal conduct; and (2) the defendant

10

purposely contrived to avoid learning of the illegal conduct." *United States v. Freeman*, 434 F.3d 369, 378 (5th Cir. 2005) (internal quotation marks omitted). In determining whether the evidence supports the charge, the court must view the evidence in the light most favorable to the government. *Id.* This court has "consistently approved a deliberate ignorance instruction in [conspiracy] cases." *Sharpe*, 193 F.3d at 872.

Fisch challenges the sufficiency of the evidence on the second element: whether the record supported an inference that he purposely sought to avoid learning of illegal conduct. Fisch's testimony at trial showed that he took what Williams said at face value, declining to ask questions about the legality of the proposed conduct. For example, Fisch testified that "[Williams] kept me out of it. He kept me in the dark basically as far as what he was doing and how he was doing it. I didn't ask a lot of questions. . . . Mr. Williams basically kept me in the dark. Whatever I knew is what he told me." He repeatedly testified that he "didn't ask" specific questions of Williams. Fisch's testimony supports the instruction. *See United States v. Lara-Velasquez*, 919 F.2d 946, 951 (5th Cir. 1990) (holding that instruction is appropriate where defendant's actions reflect demeanor of "[d]on't tell me, I don't want to know," so jury can consider defendant's "charade of ignorance" as circumstantial proof of knowledge). The district court did not abuse its discretion.

## VII

Fisch appeals several aspects of the district court's post-trial forfeiture orders. In particular, he challenges: whether the district court complied with Federal Rule of Criminal Procedure 32.2; whether the district court erred in forfeiting the home as substitute property; and whether the district court erred in including $450,000 in the money judgment.

No. 15-20663

A.  Federal Rule of Criminal Procedure 32.2

Fisch argues that the district court did not comply with Federal Rule of Criminal Procedure 32.2. The Rule states in part that the district court must determine before jury deliberations whether "either party requests" that the jury be retained to determine the forfeitability of specific property, in the event that the jury returns a guilty verdict. Fed. R. Crim. P. 32.2(b)(5)(A). Fisch admits he did not make a "request" before jury deliberations and that review is for plain error. *United States v. Valdez*, 726 F.3d 684, 698-99 (5th Cir. 2013).

Assuming that the district court clearly erred in not inquiring of the parties whether they wanted the jury to be retained, Fisch still must show that the error affected his substantial rights, i.e., it was prejudicial. Fisch has the burden of establishing "a reasonable probability that any forfeiture imposed would have been less than" what actually was imposed. *United States v. Marquez*, 685 F.3d 501, 510 (5th Cir. 2012). The difference, Fisch argues, is that the jury would have found that his home was not traceable to criminal proceeds. But that would not have been the case, as the government eventually sought a forfeiture order only in the form of a money judgment. He makes no argument as to how the money judgment would have differed. Fisch does not satisfy a plain error showing. *Cf. id.* ("Marquez simply focuses on the district court's errors independent of any prejudice they may have caused.").

B.  Forfeiture of Home as Substitute Property

Fisch challenges the government's pre-trial tactic of alleging that his home was forfeitable as an asset traceable to his criminal proceeds under 18 U.S.C. § 981 and then, post-trial, alleging that the home was forfeitable as substitute property under 21 U.S.C. § 853(p). He also argues that the government failed to meet the substitute property criteria of 21 U.S.C. § 853(p).

These arguments were not properly raised below. Fisch's counsel was given an opportunity at a combined forfeiture/sentencing hearing to object to

the government's motion to amend the forfeiture order to include substitute property. Although Fisch's counsel did not have an ideal opportunity to formulate and lodge objections—as the government's forfeiture motion was served on the morning of the hearing—counsel did not raise either of the specific arguments that Fisch now raises on appeal. Under Federal Rule of Criminal Procedure 51(b), Fisch's claims were not preserved and are reviewed now only for plain error. *See Puckett v. United States*, 556 U.S. 129, 133-35 (2009) (discussing "contemporaneous-objection rule"). Fisch makes no attempt to satisfy plain error review, and we do not find it satisfied.

C. Money Judgment

Last, Fisch argues that the money judgment included $450,000 not found by the jury beyond a reasonable doubt. The court reviews the district court's findings of fact as to forfeiture for clear error. *United States v. Olguin*, 643 F.3d 384, 398 (5th Cir. 2011). Elida Sanchez testified that her son gave Fisch $450,000 in cash stored in a Stetson hat box. And her son testified that he put the hat box containing $450,000 in Fisch's car. The district court's finding that there was "extensive evidence" that the money was paid to Fisch was not clearly erroneous.

VIII

Finally, Fisch contends that trial counsel was ineffective. On the morning of sentencing, Fisch filed a "motion to determine the effectiveness of counsel," arguing that his trial counsel, Michael McCrum, was ineffective in several respects. Fisch argued that McCrum: (1) failed to interview key government and defense witnesses; (2) failed to investigate or pursue potential defenses; (3) failed to introduce impeachment evidence; (4) failed to make evidentiary offers of proof to admit exhibits; (5) failed to request a defensive jury instruction on 18 U.S.C. § 1515(c); and (6) refused to request a trial continuance after falling ill during trial and undergoing surgery. Fisch

submitted exhibits supporting his claims, including affidavits and text message conversations between him and McCrum.

The district court orally ruled on the motion without requesting further briefing or holding an evidentiary hearing.[5] The government concedes that Fisch was not able to develop his claims below, which prohibits appellate review. We conclude that the factual issues underlying Fisch's claims of ineffective assistance cannot be determined on the current record. The Supreme Court has noted that such factual issues are best resolved by the district court on 28 U.S.C. § 2255 review. *See Massaro v. United States*, 538 U.S. 500, 505 (2003). Consequently, we decline to address Fisch's ineffective assistance claims on direct appeal. Nothing about our affirmance of Fisch's convictions affects Fisch's right to bring ineffective assistance of counsel claims—including those that were stated in Fisch's motion below—in a timely § 2255 proceeding.

## IX

We AFFIRM as to all issues except the district court's denial of Fisch's ineffective assistance of counsel claims, which may be raised anew in a timely § 2255 proceeding. In permitting ineffective assistance to be raised collaterally, we express no view on the merits of that claim.

---

[5] The district court's oral ruling only specifically addresses Fisch's claim that McCrum was ineffective in "fail[ing] to call and to investigate [certain] FBI agents."